Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Eliseo Sánchez Santana, Tiburcio Morales Marcano; Pablo Morales Rodríguez; Rosheila Morales Rodríguez; Juan del Pueblo<br><br>Recurridos<br><br>vs.<br><br>Blanca D. Alejandro Ramos<br><br>Peticionaria | TA2025CE00155 | ***CERTIORARI*** procedente del Tribunal de Primera de Instancias, Sala Municipal de Humacao<br><br>Caso Núm.: LP2022CV00203 cons. HU2023CV00361<br><br>Sobre: Daños y Otros |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de agosto de 2025.

Comparece la señora Blanca D. Alejandro Ramos (Sra. Alejandro Ramos o peticionaria), quien nos solicita la revocación de la Orden emitida el 2 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro primario). Mediante la referida determinación, el foro primario declaró No Ha Lugar una solicitud de paralización del descubrimiento de prueba presentada por la aquí peticionaria por razón de su actual condición de salud.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del auto de *Certiorari*, por los fundamentos que expondremos a continuación.

**I.**

El 17 de febrero de 2023, el señor Eliseo Sánchez Santana (Sr. Sánchez Santana o recurrido) instó una Demanda

Enmendada[1] de desahucio contra la Sra. Alejandro Ramos. En síntesis, alegó ser propietario de un bien inmueble radicado en el Municipio de Las Piedras, ocupado actualmente por la parte demandada quien no tiene derecho a permanecer en esta. En vista de ello, requirió que se desocupara inmediatamente dicha propiedad.

Por su parte, el 15 de marzo de 2023, la señora Alejandro Ramos interpuso una Demanda[2] sobre interdicto posesorio y sentencia declaratoria, entre otros asuntos, contra el Sr. Sánchez Santana, el señor Tiburcio Morales Marcano, la señora Llecenia Rodríguez Pérez y la Sociedad de Bienes Gananciales constituida por ambos (conjuntamente, señores Morales Rodríguez). En síntesis, arguyó que tiene la evidencia para demostrar que celebró un contrato de compraventa con los dueños anteriores del bien inmueble en litigio, es decir, los señores Morales Rodríguez. Por consiguiente, sostuvo que la figura de tercero registral no le asiste al Sr. Santana Sánchez, toda vez que este conocía la existencia de la previa relación contractual.

Tras la consolidación de ambos casos, y luego de múltiples incidencias procesales, el 1 de abril de 2025, el foro primario celebró una vista para atender asuntos referentes al descubrimiento de prueba. Ese día, concedió a la Sra. Alejandro Ramos el término de 15 días para responder un interrogatorio suministrado por el Sr. Morales Marcano.

No obstante, el 7 de abril de 2025, el representante legal de la Sra. Alejandro Ramos presentó una Moción Informativa y en Solicitud Urgente de Paralización de Término. En suma, expuso que su cliente aún no ha contestado el interrogatorio cursado, pues se encontraba hospitalizada por una delicada situación de

---

[1] La designación alfanumérica LP2022CV00203 de este caso corresponde a la fecha original de su presentación.

[2] La designación alfanumérica de esta acción legal es HU2023CV00361.

salud, la cual le provocó la pérdida del habla. Por tales circunstancias, solicitó la paralización del procedimiento del descubrimiento de prueba. Adelantó, a su vez, que pronto sometería el correspondiente certificado médico.

Según lo indicado, el 22 de mayo de 2025, la Sra. Alejandro Sánchez por conducto de su abogado sometió una Moción Solicitando Reconocimiento de Discapacidad Temporal y Ajuste de Términos para el Cumplimiento del Descubrimiento de Prueba junto al certificado médico pertinente. Informó que actualmente padece de una serie de condiciones de salud significativas que impactan su capacidad para comunicarse y cumplir con el descubrimiento de prueba. En vista de ello, suplicó que se le concediera el término de seis (6) meses, entiéndase, hasta el 2 de octubre de 2025, para retomar el descubrimiento de prueba una vez concluya su periodo de descanso por recomendación médica.

Evaluado lo anterior, el TPI concedió el término de 10 días para que las partes presentaran su posición al respecto.

De acuerdo con lo ordenado, el 30 de mayo de 2025, el Sr. Sánchez Santana y el Sr. Morales Marcano presentaron una Moción Conjunta en Cumplimiento de Orden. En esta, señalaron que conceder el término solicitado implicaría colocar a las partes en un estado de indefensión. Asimismo, solicitaron que la peticionaria iniciara un trámite de declaración de incapacidad temporal y se le nombrara un tutor para su representación en los procedimientos judiciales.

Por su parte, la señora Roshelia Morales Rodríguez (Sra. Roshelia o recurrida), quien sustituyó a la señora Llecenia Rodríguez Pérez en el pleito,[3] radicó el 2 de junio de 2025 una

---

[3] En virtud de la Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1, la señora Roshelia M. Morales Rodríguez y el señor Pedro Luis Morales Rodríguez, sustituyeron en el pleito a la Sra. Rodríguez Pérez tras su fallecimiento el 7 de septiembre de 2023.

Moción en Cumplimiento de Orden, en la que indicó no tener los elementos suficientes para oponerse a la solicitud en controversia.

Tras considerar las posturas de las partes, el foro primario dictó una Orden el mismo 2 de junio de 2025 en la que declaró No Ha Lugar la petición de ajustar el término del descubrimiento de prueba. A su vez, decretó que la Sra. Alejandro Ramos informara el curso a seguir en el caso dentro del plazo de 10 días.

Oportunamente, el 9 de junio de 2025, la peticionaria presentó una Moción de Reconsideración a la Orden del 2 de junio de 2025 acompañada de una segunda certificación médica. En esta ocasión, precisó que sufrió un accidente cerebrovascular isquémico que le impedía colaborar efectiva en las fases del descubrimiento de prueba. Aseguró que, aún experimenta ciertas dificultades para expresarse adecuadamente y problemas de memoria. Añadió que, surge de la prueba médica adjuntada que no puede enfrentarse a situaciones de estrés. Por lo anterior, solicitó que el tribunal reconsidere su determinación, y en efecto, requirió que concediera la paralización del descubrimiento de prueba hasta el 2 de octubre de 2025.

En respuesta, el 12 de junio de 2025, la Sra. Morales Rodríguez sometió una Moción en Cumplimiento de Orden. Brevemente manifestó que no tiene objeción a que se ordene la paralización de los procedimientos y que se declare Con Lugar la reconsideración.

En contraposición, al día siguiente, el Sr. Morales Marcano presentó una Réplica a Moción de Reconsideración en Cumplimiento de Orden. En este escrito, argumentó que no obra en el expediente prueba pericial adecuada para demostrar que la Sra. Alejandro Ramos se encuentra parcialmente incapacidad. Por tal motivo, razonó que no se justifica la suspensión del descubrimiento de prueba por un término de seis (6) meses.

De manera similar, el Sr. Sánchez Santana interpuso su Oposición a Moción de Reconsideración. Reiteró que, la peticionaria debe acogerse al procedimiento judicial de declaración de incapacidad temporal a los fines de que se le designe un tutor. Además, advirtió que, de concederse el término de paralización, este quedaría en una situación de desventaja respecto a su alegado derecho propietario.

Examinados los argumentos de las partes, el 16 de junio de 2025, el foro primario dictó una Orden, en la que declaró No Ha Lugar la reconsideración. En consecuencia, calendarizó una vista de estado de los procedimientos para el 4 de septiembre de 2025.

Inconforme, el 16 de julio de 2025, la Sra. Alejandro Ramos recurrió ante este foro intermedio apelativo mediante un recurso de *Certiorari*, en el cual esbozó los siguientes señalamientos de error:

> *Primer Error: Erró el Tribunal de Primera Instancia al denegar la Moción de Reconsideración de la peticionaria, la cual solicitaba la paralización del descubrimiento de prueba y el ajuste de términos a pesar de la abrumadora y actualizada evidencia médica que comprueba incapacidad temporal de la Sra. Alejandro Ramos para participar en el litigio y el riesgo inminente de un nuevo evento cerebrovascular si se le somete a situaciones de estrés inherentes al proceso judicial.*

> *Segundo Error: Erró el Tribunal de Primera Instancia al no salvaguardar los derechos constitucionales de la peticionaria al debido proceso de Ley y a una defensa efectiva, lo cual pone en inminente riesgo su capacidad para proteger su propiedad en los procesos de desahucio, venta a un tercero registral de mala fe y usucapión, al forzarla a participar en el litigio mientras se encuentra médicamente comprometida, lo que podría conducir a una desestimación de facto de sus alegaciones y defensas.*

> *Tercer Error: erró el Tribunal de Primera Instancia en su manejo irrazonable del calendario procesal al denegar la Moción de Reconsideración y, simultáneamente, señalar una vista en la misma Orden, lo que demuestra una falta de ponderación de los principios de justicia, equidad y humanidad que deben regir la administración judicial, específicamente ante circunstancias de salud extraordinarias y documentadas.*

*Cuarto Error: Erró el Tribunal de Primera Instancia al obligar a la peticionaria y, por ende, a su representación legal, a proceder con el litigio bajo condiciones que comprometen la capacidad de la Sra. Alejandro Ramos para colaborar efectivamente, dificultando que su abogado cumpla a cabalidad con los cánones de ética profesional relativos a la diligencia y la representación celosa de su cliente.*

Junto con su recurso, la peticionaria presentó una Moción en Auxilio de Jurisdicción, en la cual nos solicitó la suspensión inmediata de todos los términos del descubrimiento de prueba, así como de la Conferencia con Antelación al Juicio pautada para el 2 de septiembre de 2025. En respuesta, esta Curia denegó dicho petitorio mediante nuestra Resolución de 17 de julio de 2025. De igual manera, concedimos un término a las partes recurridas para la presentación de sus escritos en oposición, a vencer el 30 de julio de 2025. Según ordenado, tanto el Sr. Sánchez Santana como el Sr. Tiburcio Morales Marcano presentaron sus alegatos en oposición dentro del término otorgado para ello, por tal razón, procedemos a resolver con el beneficio de sus comparecencias.

**II.**

**A.**

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo podrá revisar determinaciones interlocutorias dictadas por el foro primario cuando se recurra de: (1) decisiones sobre la

admisibilidad de testigos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en aquellas situaciones en que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Nuestro Alto Foro ha expresado que el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Ahora bien, aun cuando la expedición de este recurso recae dentro de la discreción de este Foro, lo cierto es que, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial considerará los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**B.**

En nuestro ordenamiento jurídico, el descubrimiento de prueba está regulado por la Regla 23 de Procedimiento Civil, 32

LPRA Ap. V, R. 23. Dicho mecanismo se emplea por las partes para "obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias [...] para hacer valer sus derechos". *McNeil Healthcare, v. Mun. Las Piedras,* 206 DPR 659, 672 (2021), citando a I. Rivera García, Diccionario de Términos Jurídicos, 3ra ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70.

El referido procedimiento persigue cuatro objetivos fundamentales para el cabal desenvolvimiento del proceso judicial, a saber: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio; (3) facilitar la búsqueda de la verdad; y (4) perpetuar evidencia. *Berríos Falcón v. Torres Merced,* 175 DPR 962, 971 (2009).

Ahora bien, nuestro ordenamiento jurídico le reconoce al Tribunal de Primera Instancia amplia discreción para regular el ámbito del descubrimiento de prueba, "pues es su obligación garantizar una solución justa, rápida y económica en el caso, sin ventajas para ninguna de las partes". *Rivera et al v. Arcos Dorados et al,* 212 DPR 194, 203 (2023) (citando a *Cruz Flores et al v. Hosp. Ryder et al.,* 210 DPR 465 (2022)). Sobre dicho particular, nuestro Tribunal Supremo ha expresado en diversas ocasiones que:

> *Al momento de ejercer su discreción de extender o acortar el término para efectuar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos (2) intereses importantes para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial. Por una parte, el foro de instancia deberá garantizar la pronta solución de las controversias, y por otra deberá velar que las partes tengan la oportunidad de realizar un amplio descubrimiento para que en la vista en su fondo no surjan sorpresas. Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846 (2023) (citas omitidas).

### C.

En armonía con lo anterior, resulta pertinente enfatizar el hecho de que el Tribunal de Primera Instancia posee gran

flexibilidad y discreción para lidiar con el manejo diario de los asuntos judiciales. *In re Collazo I*, 159 DPR 141 (2003). Por esta razón, se les ha reconocido a los jueces el poder y la autoridad suficiente para conducir los asuntos ante su consideración de la forma y manera que su buen juicio les indique. *Íd.*

En ese sentido, nuestra Alta Curia ha establecido que, como norma general, el Tribunal de Apelaciones no intervendrá en el manejo del caso ante la consideración del foro primario. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000). A modo de excepción, este foro revisor puede intervenir en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo. *Íd.*

En otras palabras, "las decisiones discrecionales que toma el Tribunal de Primera Instancia no serán revocadas a menos que se demuestre que ese foro abusó de su discreción". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). Esto, pues, el ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021).

**III.**

En el presente recurso, la Sra. Alejandro Ramos señala que incidió el foro primario al permitir la continuidad de los procedimientos judiciales, pese a su actual estado de salud. Manifiesta que, a raíz de su accidente cerebrovascular, aún experimenta dificultades para comunicarse efectivamente, así como problemas de memoria que obstaculizan una participación adecuada en la tramitación de su causa de acción. Por lo anterior, solicita nuestra intervención para que ordenemos la paralización

del descubrimiento de prueba hasta el 2 de octubre de 2025, según le fue recomendado por su médico.

Por su parte, el Sr. Sánchez Santana esgrime en su Alegato en Oposición que la mera presentación de certificaciones médicas no pone al TPI en posición de tomar una decisión informada en cuanto a la incapacidad de una persona, máximo cuando, en el caso de marras, el galeno no es especialista en condiciones cerebrovasculares. Por ende, arguye que, si la representación legal de la peticionaria desea que se le reconozca una incapacidad temporera a su representada, esta última debe someterse al proceso de declaración de incapacidad prescrito en nuestro Código Civil para que se le nombre un defensor judicial y así se permita la continuación de los procedimientos. Lo último, a juicio de la parte recurrida, sería la estrategia correcta puesto que extender el descubrimiento de prueba hasta que la peticionaria se encuentre en óptimas condiciones para colaborar con su caso expondría a las partes a un estado de incertidumbre e indefensión.

De igual manera, el Sr. Tiburcio Morales Marcano argumenta en su escrito en oposición que la Sra. Alejandro Ramos, aunque enferma, sigue siendo jurídicamente capaz por lo que el TPI no tenía el deber de detener los procedimientos automáticamente. Añadió que, la peticionaria no se encuentra en estado de indefensión dado que tiene representación legal, quien puede solicitar acomodos razonables de surgir alguna necesidad en particular durante el descubrimiento de prueba.

Luego de analizar sosegadamente el expediente ante nuestra consideración a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, no encontramos criterio alguno que nos mueva a expedir el recurso discrecional presentado por la parte peticionaria. Nada en el expediente demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, abuso de

discreción o error manifiesto, por lo que el dictamen recurrido merece nuestra deferencia. En consecuencia, denegamos expedir el recurso solicitado, debido a que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra.*

## IV.

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, denegamos la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones